UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:23-cv-61531-LEIBOWITZ/VALLE

SIMFA ROSE PHARMACEUTICAL
SPECIALTY, INC.,

     *Plaintiff*,

v.

MERRICK B. GARLAND, *et al.*,

     *Defendants*.

_____/

**ORDER**

**THIS CAUSE** is before the Court on Defendants' Motion to Dismiss the Amended Complaint [ECF No. 31]. The Court has reviewed the Amended Complaint, the Motion, the supporting and opposing submissions, the record in the case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Defendants' Motion to Dismiss the Amended Complaint [ECF No. 31] is GRANTED IN PART and DENIED IN PART, and the Amended Complaint [ECF No. 24] is DISMISSED WITHOUT PREJUDICE.

**I.    BACKGROUND**

On August 9, 2023, Plaintiff Simfa Rose Pharmaceutical Specialty, Inc. ("Plaintiff") filed the Complaint. [ECF No. 1]. Plaintiff filed an Amended Complaint [ECF No. 24] on April 9, 2024. On May 23, 2024, Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint. [ECF No. 31]. In their Motion to Dismiss, Defendants argue that Plaintiff's Amended Complaint "fails to raise any cognizable basis that would permit Plaintiff … to circumvent or enjoin the Drug Enforcement Administration's ("DEA") administrative proceeding process," and that "in attempting to fashion constitutional challenges to DEA's administrative process, the Amended Complaint coalesces into an impermissible shotgun pleading that sustains an independent ground for dismissal." [ECF No. 32 at

2].

The Court first considers whether Plaintiff's Amended Complaint is an impermissible shotgun pleading before turning to Defendants' arguments on the merits of Plaintiff's claims, if necessary.

## II.  LEGAL STANDARD

Complaints that violate either Rule 8(a)(2) or Rule 10(b) of the Federal Rules of Civil Procedure are often referred to as "shotgun pleadings." Rule 8(a)(2) requires a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) states:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b). The "self-evident" purpose of these rules is "to require the pleader to present his claims distinctly and succinctly, so that[ ] his adversary can discern what he is claiming and frame a responsive pleading." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985)). The key characteristic of a shotgun pleading is its failure to give defendants "adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

In *Weiland*, the Court identified four types of shotgun pleadings. The first type "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts". *Id.* at 1321. The second type is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third type is a complaint that fails to separate each cause of action into a separate count. *Id.* The fourth type is a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

### III. DISCUSSION

Upon review of Plaintiff's Amended Complaint, Defendants are correct that Plaintiff's Amended Complaint is an impermissible shotgun pleading. Plaintiff's Amended Complaint "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts" and is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1321-22.

Because Plaintiff's Amended Complaint is an impermissible shotgun pleading, the Court will not consider any other grounds in support of dismissal in Defendants' Motion to Dismiss until Plaintiff has filed a proper complaint. Therefore, Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART. Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE. Plaintiff may move for leave to file a Second Amended Complaint that cures the deficiencies this Court has highlighted. The Second Amended Complaint shall include a short and plain statement of the factual allegations forming the basis of each count and clearly identify which facts support each count.

If Plaintiff does not cure the deficiencies in its Second Amended Complaint, this Court will be well within its discretion to dismiss its Second Amended Complaint with prejudice. See *Jackson v. Bank of Am.*, N.A., 898 F.3d 1348, 1358 (11th Cir. 2018) (a district court does not abuse its discretion in dismissing with prejudice a shotgun pleading if the plaintiff is given an opportunity to first remedy the defects and fails to do so). Therefore, this will be Plaintiff's final opportunity to amend its complaint.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss the Complaint [**ECF No. 31**] is **GRANTED IN PART and DENIED IN PART**.

2. Plaintiff's Amended Complaint [**ECF No. 24**] is **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff shall file a motion for leave to file an amended complaint with a copy of the Second Amended Complaint attached that cures the deficiencies noted and is not a shotgun pleading **no later than September 12, 2024.** If Plaintiff fails to do so, the Court may dismiss and close this case.

**DONE AND ORDERED** in the Southern District of Florida on August 22, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record