UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:23-cv-61531-LEIBOWITZ/VALLE

SIMFA ROSE PHARMACEUTICAL
SPECIALTY, INC.,

    *Plaintiff*,

v.

PAMELA J. BONDI,[1] *et al.*,

    *Defendants.*

_____/

## ORDER AFFIRMING AND ADOPTING
## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon United States Magistrate Judge Alicia O. Valle's Report and Recommendation to District Judge (the "R&R") [ECF No. 74], entered on August 25, 2025, recommending the grant of Defendants' Motion to Dismiss the Second Amended Complaint [ECF No. 55] and the denial of Plaintiff's Cross-Motion for Summary Judgment [ECF No. 62]. The undersigned referred the motions to Magistrate Judge Valle pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of the Local Magistrate Judge Rules. [*See* ECF No. 69]. Objections were timely filed by Plaintiff [ECF No. 77], and Defendants responded [ECF No. 80]. Having reviewed and considered the R&R in light of the Objections, the parties' papers, the relevant portions of the record, and the applicable law, the Court concludes that the R&R is well-founded, consistent with the evidence presented, and supported by the law. Accordingly, the Court hereby **ADOPTS** Magistrate Judge Valle's R&R [**ECF No. 74**] and **AFFIRMS** the

---

[1]     Pursuant to Rule 25 of the Federal Rules of Civil Procedure, Pamela J. Bondi is substituted for Merrick B. Garland as Attorney General of the United States. *See* Fed. R. Civ. P. 25(d).

recommendations on the pending motions [ECF Nos. 55, 62].  Plaintiff's Objections [ECF No. 77] to the R&R are **OVERRULED**, for the reasons discussed below.

## I.   STANDARD OF REVIEW

In reviewing a Report and Recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).  "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted).  Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C), and "need only satisfy itself that there is no clear error on the face of the record" to accept the recommendation.  Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment, subdivision (b).

District courts retain broad "discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Club Madonna Inc. v. City of Miami Beach*, 42 F.4th 1231, 1259 (11th Cir. 2022) (quoting *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009)).

## II.   DISCUSSION

### A.   Motion to Dismiss [ECF No. 55].

A court may grant a motion to dismiss a pleading if the pleading fails to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  A court ruling on a Rule 12(b)(6) motion to dismiss accepts the well-pled factual allegations as true and views the facts in the light most favorable to the plaintiff.  *Jones v. Fransen*, 857 F.3d 843, 850 (11th Cir. 2017).  The court should grant a motion to dismiss only when the pleading fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Attachments to a complaint are considered part of the complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

Finding no error, the Court agrees with Magistrate Judge Valle's findings on the Motion to Dismiss. Accordingly, the Motion to Dismiss the Second Amended Complaint [ECF No. 55] is GRANTED.

**B.** **Cross-Motion for Summary Judgment [ECF No. 62].**

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment "bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Those materials may include, "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark*, 929 F.2d at 608.

If the moving party meets its burden, the non-moving party is then required "to go beyond the pleadings" and present competent evidence "showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. Generally, "[t]he mere existence of a scintilla of evidence" supporting the non-movant's case is insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). If, in response, the non-moving party does not sufficiently support an

3

essential element of his case as to which he bears the burden of proof, summary judgment is appropriate. *See Rice-Lamar v. City of Ft. Lauderdale*, 232 F.3d 836, 840 (11th Cir. 2000). A fact is "material" for these purposes if it "might affect the outcome of the suit under the governing law . . . ." *Anderson*, 477 U.S. at 248. A dispute of fact is "genuine" if, "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also Gervin v. Florence*, 139 F.4th 1236, 1245 (11th Cir. 2025). "In determining whether genuine issues of material fact exist, [the reviewing court] resolve[s] all ambiguities and draw[s] all justifiable inferences in favor of the non-moving party." *Rice-Lamar*, 232 F.3d at 840 (citing *Anderson*, 477 U.S. at 255). However, when the record "taken as a whole" could not support a reasonable finding for the non-movant, there is no "genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Finding no error, the Court agrees with Magistrate Judge Valle's findings on the Cross-Motion for Summary Judgment. Accordingly, the Cross-Motion for Summary Judgment [ECF No. 62] is DENIED.

### III.     RULING ON OBJECTIONS

The Court overrules Plaintiff's objections to Magistrate Judge Valle's R&R [ECF No. 74]. As an initial matter, the Court notes that Plaintiff relitigates and rehashes many of the same arguments already presented. That will not suffice under clear error review. *See Sully v. Scottsdale Ins. Co.*, No. 23-cv-61967, 2024 WL 1857456, at *7 (S.D. Fla. Apr. 29, 2024) ("Since th[ese] objection[s] [are] nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge, we needn't give the Plaintiffs a second bite at the apple to relitigate arguments and authorities that have already been briefed and adjudicated." (cleaned up)). Regardless, even on *de novo* review these arguments fail, and the objections are overruled.

1. <u>Objection No. 1: The Magistrate Judge Erred in Finding Simfa Fails to State a Due Process Violation.</u> [ECF No. 77 at 2–10]. **OVERRULED**. Upon *de novo* review, the Court confirms Magistrate Judge Valle's conclusion that Plaintiff failed to state a due process violation.

Plaintiff objects principally to Magistrate Judge Valle's "conclusory" finding that the administrative inspection warrant ("AIW") executed on Plaintiff in 2021 did not provide Plaintiff any notice of the 2023 investigation. [*Id.* at 3]. Notwithstanding Plaintiff's view, the Honorable Judge Donald Middlebrooks has held in *Heartland Pharmacy Inc. v. Rosen*, No. 21-14037-CV, 2021 WL 650350, at *5 (S.D. Fla. Feb. 18, 2021), that a Drug Enforcement Administration ("DEA") investigation put a plaintiff on notice of certain violations of state and federal law. Magistrate Judge Valle's findings and reasoning (which track Judge Middlebrooks's in *Heartland Pharmacy*) are affirmed and adopted by this Court.

Plaintiff alleges in the Second Amended Complaint ("SAC") and argues in response to the R&R that Defendants never provided Plaintiff notice of the new rule that "no reasonable pharmacist would ever fill more than 2-3 months of an immediate release or short-acting opioid for any patient under any circumstances and regardless of the patient's condition because any such prescription is a 'red flag' that is 'unresolvable after 2-3 months of dispensing.'" [ECF No. 50 ¶¶ 71–73 (emphasis removed)]. The immediate suspension order ("ISO") thus "deprived Simfarose of these protected liberty and property interests without any notice" when it adopted this new rule. [*Id.* ¶ 121]. These allegations and arguments fail as a matter of law.

The Eleventh Circuit has held that "notice and hearing may be postponed until after the deprivation has occurred." *Catron v. City of St. Petersburg*, 658 F.3d 1260, 1266 (11th Cir. 2011) (citing *Mathews v. Eldridge*, 424 U.S. 319 (1976)); *see also Lustig v. Stone*, 679 F. App'x 743, 745 (11th Cir. 2017) ("Due process does not require that one actually receive notice before they are deprived of a property

interest." (citing *Jones v. Flowers*, 547 U.S. 220, 226 (2006)))). Under this line of precedent, the Court cannot say that Plaintiff was deserving of notice (assuming none was provided by the AIW) as of right.

This is especially the case where Plaintiff "has not alleged any facts that indicate . . . that any delay in receiving written notice prejudiced him in exercising *his right to appeal the suspension*." *In re Watkins*, No. 23-11718, 2024 WL 1174182, at *4 (11th Cir. Mar. 19, 2024) (emphasis added). Quite the opposite; Plaintiff was entirely aware of how to challenge the ISO. Plaintiff does not dispute—in fact, Plaintiff *concedes*—that a temporary suspension order like the one issued here can be immediately reviewed and "dissolved by a court of competent jurisdiction." [ECF No. 50 ¶ 32 (quoting 21 U.S.C. § 824(d)(1)); ECF No. 59 at 10]; *see Novelty Distribs., Inc. v. Leonhart*, 562 F. Supp. 2d 20, 26–28 (D.D.C. 2008) (noting that a plaintiff may seek a preliminary injunction in district court of a temporary suspension order pending final agency determination of the matter). As Defendants correctly point out [ECF No. 80 at 5–6], Plaintiff did not avail itself of this avenue of relief. Instead, Plaintiff chose to request a hearing pursuant to the Order to Show Cause. [*See* ECF No. 50-2 at 11; ECF No. 50 ¶¶ 44, 82]. These proceedings have been stayed *on Plaintiff's own accord*.[2] [*See* ECF No. 50 ¶ 82; ECF Nos. 56-3, 56-4].

Additionally, the Court is not persuaded by Plaintiff's objection that it was not given an opportunity to be heard. [ECF No. 77 at 6–10]. Plaintiff's theory boils down to this: (1) no ALJ is presently presiding over its administrative action; (2) the administrative proceeding is inherently unfair since the DEA Administrator has a "direct financial stake in the outcome" and DEA's expert witness, Thomas Hamilton ("Hamilton"), is a direct competitor to Plaintiff and provided opinions to the DEA to which the agency relied; and (3) the DEA Administrator exercises a combination of

---

[2]   Plaintiff seems to represent that this administrative "proceeding and all other pending proceedings have been stayed indefinitely" because there is "no ALJ assigned to this matter at this time and DEA does not employ an ALJ." [ECF No. 77 at 6]. Plaintiff ignores that it sought the stays that indefinitely paused the action.

6

investigative/prosecutorial and adjudicative functions. [*Id.*]. All three arguments are completely meritless.

The first argument fails because it was improperly raised and had not been brought before Magistrate Judge Valle. *See Williams*, 557 F.3d at 1292. Plaintiff argues for the first time that there is no ALJ currently presiding and thus Plaintiff was deprived of an opportunity to be heard. [*Id.* at 6]. Although Plaintiff received notice that no ALJ would be presiding over the underlying action after the motions at bar were fully briefed, that is irrelevant. *See Club Madonna*, 42 F.4th 1259–60 (affirming district court's denial to consider new argument brought after briefing on a motion to dismiss and magistrate judge's report and recommendation because that "would have been unfair to the [defendant] and would have undermined the purpose of the magistrate system"). Further, Plaintiff was apprised of this notice from the DEA that no ALJ would be available on July 23, 2025. [ECF No. 77-2]. Magistrate Judge Valle's R&R was entered about one month later, on August 25, 2025. [ECF No. 74]. Yet, Plaintiff filed no notice or motion to notify Magistrate Judge Valle of this new fact. Plaintiff cannot blindside Defendants by waiting until *after* the R&R to raise this argument.

Regardless, even if timely raised, Plaintiff cannot plausibly claim there was no opportunity to be heard when Plaintiff delayed its own administrative proceedings by seeking two stays. [ECF Nos. 56-3, 56-4]. The first was filed and granted on August 9, 2023 [ECF No. 56-3 at 3, 5]. The second was filed on October 18, 2024, and granted on October 31, 2024 [ECF No. 56-4 at 3, 11]. During the time of both stays, the ALJ assigned to the case clearly conveyed that it was ready to proceed with a merits hearing. [*See id.* at 3–4; ECF No. 56-3 at 2]. But *solely* due to Plaintiff's actions (as the Government opposed both stays), the administrative proceeding was paused indefinitely. It just so

happens that during this indefinite stay, the two ALJs that were presiding retired. Plaintiff cannot now come forward and argue that there was no opportunity to be heard.[3]

The second argument is not persuasive either. Here, Plaintiff lodges allegations that the Administrator and Hamilton have skin in the game, and thus the administrative proceeding was inherently unfair. [ECF No. 50 ¶¶ 36–37, 65; ECF No. 77 at 7]. These allegations do not rise to a level of "substantial pecuniary interest[,]" *Gibson v. Berryhill*, 411 U.S. 564, 579 (1973), or bias sufficient to find the proceeding violative of due process. This is certainly true because Plaintiff alleges no facts that the Administrator *himself* has an interest in the administrative action, only the agency's purported stake in the $75,000 worth of controlled substances. [*See* ECF No. 50 ¶¶ 36, 66]; *Tumey v. State of Ohio*, 273 U.S. 510, 523 (1927) (holding that due process is violated if the decisionmaker "has a direct, *personal*, substantial pecuniary interest" (emphasis added)). As to the DEA's expert, Plaintiff conceded that Hamilton is not a decisionmaker. [ECF No. 77 at 9 ("While [Hamilton] may not technically be the adjudicator . . . .")]. Because the protections of the Due Process Clause require "an unbiased decisionmaker[,]" *McKinney v. Pate*, 20 F.3d 1550, 1561 (11th Cir. 1994), the Court rejects this argument.

Third, the "combination of functions" argument does not hold water. The Supreme Court has unequivocally stated that "the combination of investigative and adjudicative functions does not, without more, constitute a due process violation . . . ." *Withrow v. Larkin*, 421 U.S. 35, 58 (1975). And there are no "special facts and circumstances present in the case" that would lead this Court to believe that "the risk of unfairness is intolerably high." *Id.* Plaintiff alleged nothing more than threadbare allegations, and certainly not "special facts and circumstances" to warrant a finding of unfairness. Rather, Plaintiff acknowledged that the Controlled Substances Act ("CSA") provided Plaintiff the

---

[3] To rebut Plaintiff's new argument, Defendants also clarified in their Response to Plaintiff's Objections to the Report and Recommendation [ECF No. 80] that two DEA ALJs have been hired and one will be assigned to Plaintiff's administrative proceeding after the stay in that case is lifted. [*See* Decl. of Julie L. Hamilton, ECF No. 80-1 ¶¶ 7, 10].

8

ability to immediately challenge the ISO via a preliminary injunction. [ECF No. 50 ¶ 32]. To "find that the [DEA] cannot adjudicate cases the agency has investigated and prosecuted would run contrary to the [CSA] Act itself . . . ." *Fed. Trade Comm'n v. FleetCor Techs., Inc.*, No. 19-cv-5727, 2022 WL 22867353, at *6 (N.D. Ga. Feb. 7, 2022).

In any event, courts in this Circuit have consistently held that ISO's do not violate procedural due process, especially because of prompt post-deprivation processes available to the registrant. *See, e.g.*, *Sharma v. Drug Enf't Agency*, No. 10-20508-Civ, 2010 WL 11483805, at *10 (S.D. Fla. Nov. 10, 2010), *aff'd*, 511 F. App'x 898 (11th Cir. 2013) ("Due process is not violated by a temporary suspension followed by a post-deprivation hearing when quick action safeguards important governmental or public interests."); *accord Duluth Pharm., LLC v. Bondi*, No. 25-CV-03157, 2025 WL 2222736, at *8 n.9 (N.D. Ga. July 11, 2025) ("Moreover, the Court agrees with Defendant that, in the ISO context, the CSA provides for a prompt post-deprivation hearing at the registrant's request and, thus, an ISO does not violate the registrant's procedural due process rights." (citing *Sharma*, 2010 WL 11483805, at *10)).

The Court also agrees with Magistrate Judge Valle that there is no jurisdiction to hear Plaintiff's as-applied Due Process challenge. The nature of this claim itself bars judicial review. *See Loma Linda-Inland Consortium for Healthcare Educ. v. Nat'l Lab. Rels. Bd.*, No. 23-5096, 2023 WL 7294839, at *11 (D.C. Cir. May 25, 2023) ("Nothing in *Axon* holds that every 'nonfrivolous' constitutional objection to every agency proceeding, *especially fact-bound as-applied claims* to a particular exercise of agency jurisdiction, can bypass the congressional scheme established for judicial review." (emphasis added) (internal citation omitted)). On this front, Plaintiff "does not challenge 'the structure or the very existence' of the [DEA]." *Id.* (alteration adopted). Plaintiff contends that the DEA's procedures, in particular the ISO, deprive *it* of adequate notice and an opportunity to be heard concerning the alleged new rules. [ECF No. 50 ¶¶ 73, 121]. As alleged, Defendants "*selectively* and *arbitrarily* enforce[d]" this ISO concerning "new legislative rules" against only Plaintiff. [*Id.* ¶ 121 (emphasis added)]. This "has

9

nothing in common with *Axon*" and is precisely a challenge to a "specific substantive decision" of the DEA. *Asbury Auto. Grp., Inc. v. Fed. Trade Comm'n*, No. 24-cv-00950, 2025 WL 2317455, at *6 (N.D. Tex. Aug. 11, 2025). Therefore, Plaintiff should bring this claim through the statutorily delineated judicial review process, as it is squarely foreclosed from being heard before this Court under *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1994). [*See* ECF No. 74 at 22–24 (discussing the factors)].

Therefore, the Court overrules this objection.

2. <u>Objection No. 2: The Magistrate's Removal Findings Were Made in Error</u>. [ECF No. 77 at 10–13]. **OVERRULED**.

A *de novo* review of Plaintiff's separation of powers argument confirms Magistrate Judge Valle's conclusion that it should be dismissed for lack of "harm."

Plaintiff posits that Magistrate Judge Valle erred in recommending dismissal of this claim because causal harm is not required for prospective relief. [ECF No. 77 at 11]. Plaintiff cites the Fifth Circuit's decision in *Space Exploration Technologies Corp. v. National Labor Relations Board*, No. 24-50627, 2025 WL 2396748 (5th Cir. Aug. 19, 2025), for this argument. [ECF No. 77 at 11]. Once again, this is new argument and authority that was not presented before Magistrate Judge Valle, which the Court declines to accept. *See Williams*, 557 F.3d at 1292. Plaintiff could have, for example, filed a Notice of Supplemental Authority consistent with Rule 7.8 of the Local Rules. *See* S.D. Fla. Loc. R. 7.8. Plaintiff's failure to do so is telling. *See S.M. v. Comm'r of Soc. Sec.*, No. 20-CV-139, 2022 WL 1286240, at *10 (M.D. Ga. Feb. 23, 2022) ("Plaintiff had ample opportunity and time to properly raise these arguments before Judge Langstaff by filing a motion to supplement the record based on newly decided authorities before Judge Langstaff issued his Recommendation.").

But review of the *Space Exploration* case shows that the Fifth Circuit drew a line between retrospective and prospective relief that the Supreme Court did not draw in *Collins v. Yellen*, 594 U.S. 220 (2021). *See Space Expl.*, 2025 WL 2396748, at *13 (distinguishing *Collins* because that case involved

10

retrospective relief from final agency action). *Collins* is, of course, binding on this Court while *Space Exploration* is not. In addition, relying on *Collins*, the Sixth Circuit in *Calcutt v. Federal Deposit Insurance Corp.* held that the causal harm determination "remains the same whether the petitioner seeks retrospective or prospective relief . . . ." 37 F.4th 293, 316 (6th Cir. 2022), *rev'd per curiam on other grounds*, 598 U.S. 623 (2023); *see also id.* ("[P]rospective effect does not change a court's ability to conduct th[is] inquiry."). Many circuits that have considered this issue have joined the chorus of *Calcutt*'s holding. *See Consumer Fin. Prot. Bureau v. Law Offices of Crystal Moroney, P.C.*, 63 F.4th 174, 180–81 (2d Cir. 2023) ("But the Supreme Court's reasoning that an officer's actions are valid so long as she was validly appointed applies with equal force regardless of the relief sought by the party challenging the officer's actions." (citation omitted)); *Leachco, Inc. v. Consumer Prod. Safety Comm'n*, 103 F.4th 748, 757 (10th Cir. 2024) ("*Collins*' relief analysis applies to both retrospective and prospective relief." (citations omitted)); *see also Nat'l Lab. Rels. Bd. v. Starbucks Corp.*, 125 F.4th 78, 88 (3d Cir. 2024) ("Though we need not definitively decide the issue today because we lack jurisdiction under the NLRA, it is worth noting that other courts of appeal have declined to distinguish between retrospective and prospective relief when applying *Collins*."). Given the weight of authority, the Court disagrees with Plaintiff and its argument under *Space Exploration*. And because Plaintiff did not allege a causal link between removal and harm, Plaintiff's claim is dismissed.

Irrespective of *Collins*'s requirement, however, Plaintiff still believes its separation of powers argument is sufficiently alleged. Plaintiff relies here on the fact that there is a "non-existent ALJ." [ECF No. 77 at 11]. For the reasons stated earlier in this Order regarding new argument, the Court rejects this. And contrary to Plaintiff's assertion, this conclusion does not change by Defendants' Notice of Change in Position, where Defendants stated that the Acting Solicitor General "decided that the removal protections for administrative law judges in 5 U.S.C. § 7521 do not comport with the separation of powers and Article II of the U.S. Constitution, and announced that the Department of

11

Justice will no longer defend those protections in litigation." [*Id.* (discussing ECF No. 70)]. As Magistrate Judge Valle correctly identified in her R&R [ECF No. 74 at 29], the Eleventh Circuit recently ruled that "review is unaffected by the defendants' new position on this constitutional, legal issue because § 7521(a) is a statute enacted by Congress, and parties cannot by agreement decide that the § 7521(a) statute is unconstitutional and unenforceable." *Walmart, Inc. v. Chief Admin. L. Judge of the Off. of the Chief Admin. Hearing Officer*, 144 F.4th 1315, 1322 (11th Cir. 2025) (citing *Sanford's Est. v. Comm'r of Internal Revenue*, 308 U.S. 39, 51 (1939)). The Court also agrees that *Walmart* provides persuasive authority that Section 7521 is constitutional as applied to DEA ALJs.[4] [*See* ECF No. 74 at 29–30]. Thus, this argument fails too.[5]

Accordingly, Magistrate Judge Valle did not err.

3.   <u>Objection No. 3: The Magistrate Judge Erred in Finding Simfa Fails to State a Plausible Nondelegation Claim in Count V</u>.   [ECF No. 77 at 13–15].   **OVERRULED**.

The Court rejects and overrules this objection.

---

[4]   *Walmart* did not concern DEA ALJs, but it held that Office of the Chief Administrative Hearing Officer ALJs "play a solely adjudicatory role[,]" and therefore Section 7521 was constitutional in part because of that reason. 144 F.4th at 1322, 1343. Plaintiff's *own* allegations show that DEA ALJs play a similar role. *Compare, e.g.*, *id.* at 1343 ("[These ALJs] are empowered to conduct only adjudicative tasks such as issuing subpoenas, ruling on evidentiary issues holding settlement conferences, disposing of procedural requests, and making or recommending decisions."), *with* [ECF No. 50 ¶ 50 ("The ALJ conducts the hearing and under DEA's hearing regulations has the authority to issue (but cannot enforce) subpoenas for witnesses to testify and for the production of documents, to examine witnesses and direct witnesses to testify, receive, rule on, exclude, or limit evidence that may be presented at the hearing.")]. Plaintiff also alleges that DEA ALJs "recommend" their findings to the DEA Administrator for a final decision. [ECF No. 50 ¶¶ 55–56]. These ALJs are similar to those in *Walmart* and do not, as Plaintiff says, perform policymaking duties. [*See* ECF No. 77 at 13]. The SAC is devoid of plausible allegations that DEA ALJs retain policymaking authority.

[5]   While the Court need not reach this question, even assuming the relevant provision is unconstitutional, it can be severed from the Administrative Procedure Act. *Walmart*, 144 F.4th at 1348 ("We agree with the defendants that even if § 7521(a) were unconstitutional, we still would reverse because the 'good cause' restriction in § 7521(a) is easily severable from the rest of the APA.").

Plaintiff contends that the DEA exercises legislative power and retains the discretion to choose which forum to initiate its enforcement proceeding in violation of the nondelegation doctrine. [ECF No. 77 at 13]. Here, Plaintiff merely disagrees with the R&R without providing a viable objection to Magistrate Judge Valle's findings. Instead, Plaintiff regurgitates prior arguments, which is not sufficient. *See Sully*, 2024 WL 1857456, at *7. Nevertheless, on a *de novo* review, the Court adopts Magistrate Judge Valle's conclusions as they are cogent and well-supported.

4. <u>Objection No. 4: The R&R Errs in Recommending Denial of Summary Judgment and Dismissal of Counts I & II.</u> [ECF No. 77 at 15–21]. **OVERRULED**.

The Court will overrule this final objection because the DEA proceeding is clearly equitable in nature and, alternatively, the public rights exception strips the applicability of the Seventh Amendment jury trial right.

First, the Court disagrees with Plaintiff that the DEA revocation process is legal in nature. [*See* ECF No. 77 at 15]. Plaintiff's view is that because revocation is a "punitive sanction[,]" the revocation action is legal in nature. That is not the test. The Supreme Court in *Securities & Exchange Commission v. Jarkesy* could not have been clearer: "[t]o determine whether a suit is legal in nature, we directed courts to consider the cause of action and the remedy it provides."[6] 603 U.S. 109, 122–123 (2024); *see also Tull v. United States*, 481 U.S. 412, 417–18 (1987). Applying this straightforward test, Plaintiff's Seventh Amendment claim utterly fails.

---

[6] Plaintiff implicitly concedes that *Jarkesy* controls and dooms its claim: "[t]he Seventh Amendment case law is so heavily in favor of Simfa's right to a jury in a case like this that if *Jarkesy* never existed, Simfa's motion is easily granted based on any number of other Supreme Court cases, other precedent, and reasons the Magistrate does not address." [ECF No. 77 at 15]. On this same thread, Plaintiff criticizes Magistrate Judge Valle for her "shallow attempts" in "ignoring every other case cited in support of Simfa's positions." Plaintiff's characterization of Magistrate Judge Valle's R&R is both regrettable and unsupported by the case law. *See, e.g.*, *Ocean View Towers Ass'n, Inc. v. QBE Ins. Corp.*, No. 11-60447-Civ, 2012 WL 8569, at *2 (S.D. Fla. Jan. 1, 2012) ("The Court need not discuss every case cited by the parties especially where the cases address different factual and legal issues."). Magistrate Judge Valle's R&R, like her career of public service, is not shallow and treats all the facts and issues presented fairly and completely.

Plaintiff contends that the DEA proceeding sounds in negligence because it is in essence a civil case brought against a pharmacy akin to medical malpractice actions. [ECF No. 77 at 18]. This contention falls flat on its face for many reasons. Mainly, Plaintiff bounces back and forth on what it thinks constitutes "legal in nature." First, Plaintiff says that the inquiry depends on whether there is a "punitive sanction[,]" and then pivots, stating that it depends on the "issues to be tried." [*Id.* at 15, 18]. Not only are these purported tests the wrong standard under *Jarkesy*, but also both tests put forth by Plaintiff are not even met by Plaintiff's negligence theory. Regarding the former test, a medical malpractice cause of action is not punitive at all. *See Charles v. S. Baptist Hosp. of Fla., Inc.*, 209 So. 3d 1199, 1216 (Fla. 2017) ("[T]he primary purpose of medical malpractice actions is not to punish the health care provider, but to compensate the victim of medical malpractice who is many times severely injured."). Applying the latter, the "issues to be tried" necessarily requires a determination of what a negligence cause of action consists of. Plaintiff seemingly focuses solely on the first two elements of that claim and ignores the most important one—damages. [*See* ECF No. 77 at 17–18]; *Limones v. Sch. Dist. of Lee Cnty.*, 161 So. 3d 384, 389 (Fla. 2015) ("We have long held that to succeed on a claim of negligence, a plaintiff must establish the four elements of duty, breach, proximate causation, and damages."). This element, which Plaintiff concedes is required [ECF No. 77 at 18], is missing. Therefore, the DEA enforcement action does not resemble a common law negligence claim.[7]

---

[7] Plaintiff improperly claims that Magistrate Judge Valle "overlook[ed]" the Fifth Circuit's decision in *AT&T Inc. v. Federal Communications Commission*, No. 24-60223, 2025 WL 2426855 (Apr. 17, 2025) where the Fifth Circuit held that a cellphone carrier was deprived of its jury trial right in an agency action that was akin to common law negligence. [ECF No. 77 at 18]. First, this decision was handed down in *April* of this year, yet Plaintiff failed to bring it to Magistrate Judge Valle's attention; Plaintiff did not file a motion or a Notice of Supplemental Authority. *See Williams*, 557 F.3d at 1292; *S.M.*, 2022 WL 1286240, at *10. Second, Magistrate Judge Valle is under no obligation to accept as binding precedent Fifth Circuit law. Third, *AT&T* is distinguishable specifically because the agency there sought monetary penalties, and thus there were damages. 2025 WL 2426855, at *8 (stating that the Federal Communications Commission's action was "a negligence action against a common carrier for money damages").

Plaintiff also argues that the DEA proceeding is really a forfeiture action. [*Id.* at 15; ECF No. 62-1 at 7]. That is, the argument goes, because the DEA is imposing sanctions on Plaintiff. [ECF No. 77 at 15; ECF No. 62-1 at 8]. However, Plaintiff repeatedly overlooks that something being "punitive" is only relevant vis-à-vis the remedy inquiry. *Jarkesy*, 603 U.S. at 123 ("What determines whether a monetary remedy is legal is if it is designed to punish or deter the wrongdoer, or, on the other hand, solely to 'restore the status quo.'" (quoting *Tull*, 481 U.S. at 422)). The relief sought is the "more important" consideration of the test. *Id.*; *Tull*, 481 U.S. at 421. And it is undisputed that the DEA has not sought monetary penalties against Plaintiff—only to suspend and revoke Plaintiff's license.

According to Plaintiff, the purpose of the ISO is to punish the pharmacy and seize its license, a license which is "no different than a lawyer and its bar admittance." [ECF No. 77 at 16]. The Court disagrees. *See Frequency Elecs., Inc. v. Dep't of Air Force*, No. 97-1551, 1998 WL 377929, at *7 (4th Cir. July 1, 1998) ("Like disbarments, the imposition of a temporary, yet indefinite, suspension is remedial rather than punitive in nature."); *Figueroa v. Sec'y of Dep't of Health & Hum. Servs.*, No. 23-cv-2236, 2025 WL 2337297, at *9 (M.D. Fla. Aug. 13, 2025) ("Moreover, exclusions and debarments are remedial in nature, not punitive." (first citing *Manocchio v. Kusserow*, 961 F.2d 1539, 1542 (11th Cir. 1992); then citing 2 C.F.R. § 180.125)). The DEA's rationale for the ISO is that Plaintiff's actions were "inconsistent with the public interest" and to allow Plaintiff's continued registration would result in "an imminent danger to the public health or safety." [ECF No. 50-2 at 2, 10]. This regulatory action is equitable, not legal, in nature. *See, e.g.*, *In re Rocillo*, 61 F. Supp. 94, 95 (E.D.N.Y. 1945) ("[I]t is well settled that administrative suspension proceedings are not penal in nature. Suspension orders are not designed to punish violators . . . [but are] intended to promote the national security, rather than a penalty.").

While the Court need not reach this question as the Seventh Amendment analysis informed by *Jarkesy* readily resolves Plaintiff's jury trial claim, the public rights exception also applies here. [*Contra* ECF No. 77 at 19]. The "substance of the suit" is to regulate controlled substances in the interests of public health. *See Jarkesy*, 603 U.S. at 133. And the Supreme Court recognized long ago that matters involving public health constitute a "public right" and may be adjudicated in a non-Article III forum. *See Crowell v. Benson*, 285 U.S. 22, 51 (1932).

Plaintiff objects to the R&R and claims again that Magistrate Judge Valle "overlooked" *Wulferic, LLC v. U.S. Food & Drug Administration*, No. 24-cv-01183, 2025 WL 2200923, at *13 (N.D. Tex. Aug. 1, 2025), a district court case that held that "public health" is not a category of "public rights." [ECF No. 77 at 19–20]. Again, Magistrate Judge Valle has no obligation to accept nonbinding precedent, especially precedent that Plaintiff did not bring to Magistrate Judge Valle's attention before the R&R was entered. *See Williams*, 557 F.3d at 1292; *S.M.*, 2022 WL 1286240, at *10. Notwithstanding this failure, this case also is distinguishable. *Wulferic* came to its conclusion in part because, recognizing the "substance of the enforcement action, and not the object of the regulations that matters[,]" the regulatory action sought monetary penalties. 2025 WL 2200923, at *12–13. That of course is not present here. The "substance" of the DEA's regulatory action is to prevent a registrant from imminently undermining public health; it is not to punish through monetary sanctions. Plaintiff offers no binding precedent, and the Court cannot locate any, explaining that *Crowell*'s holding does not apply here. Thus, the Court rejects this argument.

### IV.   CONCLUSION

In view of the foregoing and upon due consideration, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Valle's R&R [**ECF No. 74**] is **ADOPTED AND AFFIRMED** and fully incorporated herein.

2. Defendants' Motion to Dismiss the Second Amended Complaint [**ECF No. 55**] is **GRANTED**. The Second Amended Complaint [ECF No. 50] is **DISMISSED** *with prejudice*.[8]

3. Plaintiff's Cross-Motion for Summary Judgment [**ECF No. 62**] is **DENIED**.

4. Plaintiff's Objections [**ECF No. 77**] are **OVERRULED**.

5. *The Clerk* is directed to **CLOSE** this case. All deadlines are **TERMINATED** and any pending motions are **DENIED** as moot.

**DONE AND ORDERED** in the Southern District of Florida on September 24, 2025.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record

---

[8] This dismissal will be with prejudice because the Court previously granted Plaintiff one final opportunity to amend, and any further amendment would be futile. *See Barmapov v. Amuial*, 986 F.3d 1321, 1326 (11th Cir. 2021); [ECF No. 43 at 3]. Additionally, Plaintiff failed to request leave to amend in the event the Second Amended Complaint was deemed insufficient. *See Pop v. LuliFama.com LLC*, 145 F.4th 1285, 1298 (11th Cir. 2025) ("A district court may dismiss a complaint with prejudice where the plaintiff fails to request leave to amend." (alteration rejected) (quoting *Ounjian v. Globoforce, Inc.*, 89 F.4th 852, 862 (11th Cir. 2023))).